AMY W. SCHULMAN
DLA PIPER LLP
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500
Facsimile:  (212) 335-4501
amy.schulman@dlapiper.com

STUART M. GORDON (SBN: 037477)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
Los Angeles, CA 90071
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
sgordon@gordonrees.com

MICHAEL C. ZELLERS (SBN: 146904)
TUCKER ELLIS & WEST LLP
515 South Flower Street, Suite 4200
Los Angeles, CA 90071-2223
Telephone:  (213) 430-3400
Facsimile:  (213) 430-3409
michael.zellers@tuckerellis.com

Attorneys for Defendants
PFIZER INC., PHARMACIA CORPORATION,
AND G.D. SEARLE LLC

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | MDL Docket No. 1699 |
| *This document relates to* | CASE NO. 3:07-cv-4793-CRB |
| DANA CHIN, Individually and on Behalf of TATE MCALLISTER, Deceased, | **PFIZER INC., PHARMACIA CORPORATION, AND G.D. SEARLE LLC'S ANSWER TO COMPLAINT** |
| Plaintiff, | |
| vs. | **JURY DEMAND ENDORSED HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, and G.D. SEARLE, LLC, | |
| Defendants. | |

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    (improperly captioned in Plaintiff's Complaint as "G.D. Searle, LLC") ("Searle"), (collectively

4    "Defendants") and file their Answer to Plaintiff's Complaint ("Complaint"), and would

5    respectfully show the Court as follows:

6    **I.**

7    **PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Decedent was prescribed or used

9    Celebrex® (celecoxib) ("Celebrex®").    Accordingly, this Answer can only be drafted

10    generally.    Defendants may seek leave to amend this Answer when discovery reveals the

11    specific time periods in which Decedent was prescribed and used Celebrex®.

12    **II.**

13    **ANSWER**

14    **Response to Allegations Regarding Parties**

15    1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

16    deny that Plaintiff is entitled to any relief or damages.    Defendants admit that, during certain

17    periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

18    States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19    accordance with their approval by the FDA.    Defendants admit that, during certain periods of

20    time, Celebrex® were manufactured and packaged for Searle, which developed, tested,

21    marketed, co-promoted, and distributed Celebrex® in the United States to be prescribed by

22    healthcare providers who are by law authorized to prescribe drugs in accordance with their

23    approval by the FDA.    Defendants state that Celebrex® was and is safe and effective when used

24    in accordance with its FDA-approved prescribing information.    Defendants state that the

25    potential effects of Celebrex® were and are adequately described in its FDA-approved

26    prescribing information, which was at all times adequate and comported with applicable

27    standards of care and law.    Defendants deny any wrongful conduct, deny that Celebrex® caused

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of

2    the Complaint.

3    2.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and Decedent's

5    age and citizenship, Decedent's survivors, whether Plaintiff is the Personal Representative of

6    Decedent's Estate, and whether Plaintiff is the proper party to bring an action of behalf of

7    Decedent's estate, and, therefore, deny the same.  Defendants deny the remaining allegations in

8    this paragraph of the Complaint.

9    3.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

10   business in New York.  Defendants admit that, as the result of a merger in April 2003,

11   Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

12   of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

13   are without knowledge or information sufficient to form a belief as to the truth of such

14   allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

15   time, Pfizer marketed and co-promoted Celebrex® in the United States, including California

16   and Nevada, to be prescribed by healthcare providers who are by law authorized to prescribe

17   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

18   allegations in this paragraph of the Complaint.

19   4.    Defendants admit that Searle is a Delaware limited liability company with its principal

20   place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

21   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

22   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

23   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

24   Celebrex® in the United States to be prescribed by healthcare providers who are by law

25   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

26   the remaining allegations in this paragraph of the Complaint.

27   5.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

28   business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

2    Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

3    Celebrex® in the United States, including California, to be prescribed by healthcare providers

4    who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

5    Defendants deny the remaining allegations in this paragraph of the Complaint.

6    6.      Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a

7    merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants deny

8    the remaining allegations in this paragraph of the Complaint.

9    <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

10   7.      Defendants are without knowledge or information to form a belief as to the truth of the

11   allegations in this paragraph of the Complaint regarding the amount in controversy, and,

12   therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount

13   in controversy exceeds $75,000, exclusive of interests and costs.

14   8.      Defendants are without knowledge or information to form a belief as to the truth of the

15   allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the amount

16   in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims

17   that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

18   interests and costs.

19   9.      Defendants are without knowledge or information to form a belief as to the allegations

20   in this paragraph of the Complaint regarding the judicial district in which the asserted claims

21   allegedly arose and, therefore, deny the same.  Defendants state that Celebrex® was and is safe

22   and effective when used in accordance with its FDA-approved prescribing information.

23   Defendants deny committing a tort in the State of California and deny the remaining allegations

24   in this paragraph of the Complaint.

25   10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

26   and co-promoted Celebrex® in the United States, including California and Nevada, to be

27   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

28   with their approval by the FDA.  Defendants admit that, during certain periods of time,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in the States of Nevada and California. Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny committing a tort in the States of California and Nevada and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

11.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Decedent's medical condition and whether Decedent used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  effective when used in accordance with its FDA-approved prescribing information.  Defendants

2  state that the potential effects of Celebrex® were and are adequately described in its FDA-

3  approved prescribing information, which was at all times adequate and comported with

4  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

5  remaining allegations in this paragraph of the Complaint.

6  15.    Defendants are without knowledge or information sufficient to form a belief as to the

7  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

8  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

9  effective when used in accordance with its FDA-approved prescribing information.  Defendants

10  state that the potential effects of Celebrex® were and are adequately described in its FDA-

11  approved prescribing information, which was at all times adequate and comported with

12  applicable standards of care and law.   Defendants deny any wrongful conduct, deny that

13  Celebrex® caused Plaintiff or Decedent injury or damage and deny the remaining allegations in

14  this paragraph of the Complaint.

15  16.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

17  Celebrex®, and, therefore, deny the same.   Defendants state that, in the ordinary case,

18  Celebrex® was expected to reach users and consumers without substantial change from the

19  time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20  17.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

22  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27  remaining allegations in this paragraph of the Complaint.

28

18.     Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

19.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

21.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

22.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

23.     Defendants state that the allegations in this paragraph of the Complaint regarding "other pharmaceutical companies" are not directed towards Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that, as stated in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Plaintiff fails to provide the proper context for the remaining allegations in this paragraph and Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

24.    Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

25.    Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

26.     Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

28.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

29.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

30.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

31.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20, 2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

attempt to characterize the Medical Officer Review is denied.  Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

35.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

37.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

38.    Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

40. Defendants admit that there was a clinical trial called APC. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

41. Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text. Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

42. Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

43. Defendants admit that there was a clinical trial called PreSAP. Plaintiff fails to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

44. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

45. Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text.

Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

46.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

48.     Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants state that allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Plaintiff

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the allegations in this paragraph of the Complaint.

51.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants state that allegations in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required. To the extent that a response is deemed required, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

53.    Defendants deny the allegations in this paragraph of the Complaint.

54.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations contained in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

55.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

56.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

57.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

58.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

59.     Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  characterize the transcripts is denied.  Defendants state that the referenced study speaks for

2  itself and respectfully refer the Court to the article for its actual language and text.  Any attempt

3  to characterize the article is denied.  Defendants deny the remaining allegations in this

4  paragraph of the Complaint.

5  60.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Celebrex® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

10  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

11  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

12  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

13  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

14  United States to be prescribed by healthcare providers who are by law authorized to prescribe

15  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

16  allegations in this paragraph of the Complaint.

17  61.    Defendants state that Celebrex® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Celebrex® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

22  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

23  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

24  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

25  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

26  United States to be prescribed by healthcare providers who are by law authorized to prescribe

27  drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

28  prescription medication which is approved by the FDA for the following indications: (1) for

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

63. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe

drugs in accordance with their approval by the FDA.    Defendants deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants deny the remaining allegations in this paragraph of the Complaint.

65.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

66.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

67.    Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

68.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

71.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

72.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® are and were adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

1   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2   the Complaint.

3   73.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Celebrex® are and were adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

8   the study for its actual language and text.  Any attempt to characterize the study is denied.

9   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10  the Complaint.

11  74.    Defendants are without knowledge or information sufficient to form a belief as to the

12  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

13  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14  effective when used in accordance with its FDA-approved prescribing information.  Defendants

15  state that the potential effects of Celebrex® are and were adequately described in its FDA-

16  approved prescribing information, which was at all times adequate and comported with

17  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

18  remaining allegations in this paragraph of the Complaint.

19              **Response to First Cause of Action: Negligence**

20  75.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

21  Complaint as if fully set forth herein.

22  76.    Defendants state that this paragraph of the Complaint contains legal contentions to

23  which no response is required.  To the extent that a response is deemed required, Defendants

24  admit that they had duties as are imposed by law but deny having breached such duties.

25  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

26  FDA-approved prescribing information.  Defendants state that the potential effects of

27  Celebrex® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    77.    Defendants state that this paragraph of the Complaint contains legal contentions to

4    which no response is required.  To the extent that a response is deemed required, Defendants

5    admit that they had duties as are imposed by law but deny having breached such duties.

6    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

7    FDA-approved prescribing information.    Defendants state that the potential effects of

8    Celebrex® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11   the Complaint.

12   78.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

14   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15   effective when used in accordance with its FDA-approved prescribing information.  Defendants

16   state that the potential effects of Celebrex® were and are adequately described in its FDA-

17   approved prescribing information, which was at all times adequate and comported with

18   applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

19   remaining allegations in this paragraph of the Complaint, including all subparts.

20   79.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

22   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.  Defendants

24   state that the potential effects of Celebrex® were and are adequately described in its FDA-

25   approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27   remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

80.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

81.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

82.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

83.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

84.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Response to Second Cause of Action: Strict Liability**

2    85.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

3    Complaint as if fully set forth herein.

4    86.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

6    Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

7    time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

8    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

9    with their approval by the FDA.  Defendants admit that, during certain periods of time,

10   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

11   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

12   providers who are by law authorized to prescribe drugs in accordance with their approval by the

13   FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

14   consumers without substantial change from the time of sale.  Defendants deny the remaining

15   allegations in this paragraph of the Complaint.

16   87.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny the remaining allegations in this paragraph of the Complaint.

21   88.    Defendants state that Celebrex® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Celebrex® were and are adequately described in its FDA-approved prescribing information,

24   which was at all times adequate and comported with applicable standards of care and law.

25   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

26   remaining allegations in this paragraph of the Complaint.

27   89.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Celebrex® were and are adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

4   remaining allegations in this paragraph of the Complaint, including all subparts.

5   90.    Defendants are without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

7   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8   effective when used in accordance with its FDA-approved prescribing information.  Defendants

9   state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12  Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage,

13  and deny the remaining allegations in this paragraph of the Complaint.

14  91.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

19  remaining allegations in this paragraph of the Complaint.

20  92.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

22  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

27  Celebrex® is defective, deny that Celebrex® caused Plaintiff or Decedent injury or damage,

28  and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    93.    Defendants state that Celebrex® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information. Defendants state that the potential effects of

3    Celebrex® were and are adequately described in its FDA-approved prescribing information,

4    which was at all times adequate and comported with applicable standards of care and law.

5    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6    the Complaint.

7    94.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

9    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

10   effective when used in accordance with its FDA-approved prescribing information. Defendants

11   state that the potential effects of Celebrex® were and are adequately described in its FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law. Defendants deny any wrongful conduct, deny that

14   Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations

15   in this paragraph of the Complaint.

16   95.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information. Defendants state that the potential effects of

18   Celebrex® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   96.    Defendants are without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

24   Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

25   effective when used in accordance with its FDA-approved prescribing information. Defendants

26   state that the potential effects of Celebrex® were and are adequately described in its FDA-

27   approved prescribing information, which was at all times adequate and comported with

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

2  remaining allegations in this paragraph of the Complaint.

3  97.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

4  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

5  Complaint.

6  98.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

7  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

8  Complaint.

9  99.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

10  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

11  Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

12

13  100.  Defendants incorporate by reference their responses to each paragraph of Plaintiff's

14  Complaint as if fully set forth herein.

15  101.  Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

17  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

18  effective when used in accordance with its FDA-approved prescribing information.  Defendants

19  state that the potential effects of Celebrex® were and are adequately described in its FDA-

20  approved prescribing information, which was at all times adequate and comported with

21  applicable standards of care and law.  Defendants admit that they provided FDA-approved

22  prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

23  this paragraph of the Complaint.

24  102.  Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

26  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

27  effective when used in accordance with its FDA-approved prescribing information.  Defendants

28  state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

103.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

107.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Fourth Cause of Action: Breach of Implied Warranty

110.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

111.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny the remaining allegations in this paragraph of the Complaint.

4    114.    Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Celebrex® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny the remaining allegations in this paragraph of the Complaint.

9    115.    Defendants state that Celebrex® was and is safe and effective when used in accordance

10    with its FDA-approved prescribing information.  Defendants state that the potential effects of

11    Celebrex® were and are adequately described in its FDA-approved prescribing information,

12    which was at all times adequate and comported with applicable standards of care and law.

13    Defendants deny the remaining allegations in this paragraph of the Complaint.

14    116.    Defendants are without knowledge or information sufficient to form a belief as to the

15    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

16    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17    effective when used in accordance with its FDA-approved prescribing information.  Defendants

18    state that the potential effects of Celebrex® were and are adequately described in its FDA-

19    approved prescribing information, which was at all times adequate and comported with

20    applicable standards of care and law.  Defendants admit that they provided FDA-approved

21    prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

22    this paragraph of the Complaint.

23    117.    Defendants are without knowledge or information sufficient to form a belief as to the

24    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

25    Celebrex®, and, therefore, deny the same.  Defendants state that, in the ordinary case,

26    Celebrex® was expected to reach users and consumers without substantial change from the

27    time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

28

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that they breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

119.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

122.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

123.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

124.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

125.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    128.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

5    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information. Defendants

7    state that the potential effects of Celebrex® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

10    remaining allegations in this paragraph of the Complaint.

11    129.    Defendants are without knowledge or information sufficient to form a belief as to the

12    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

13    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

14    effective when used in accordance with its FDA-approved prescribing information. Defendants

15    state that the potential effects of Celebrex® were and are adequately described in its FDA-

16    approved prescribing information, which was at all times adequate and comported with

17    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

18    remaining allegations in this paragraph of the Complaint.

19    130.    Defendants are without knowledge or information sufficient to form a belief as to the

20    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

21    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

22    effective when used in accordance with its FDA-approved prescribing information. Defendants

23    state that the potential effects of Celebrex® were and are adequately described in its FDA-

24    approved prescribing information, which was at all times adequate and comported with

25    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

26    remaining allegations in this paragraph of the Complaint.

27    131.    Defendants are without knowledge or information sufficient to form a belief as to the

28    truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

2   effective when used in accordance with its FDA-approved prescribing information.  Defendants

3   state that the potential effects of Celebrex® were and are adequately described in its FDA-

4   approved prescribing information, which was at all times adequate and comported with

5   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

6   remaining allegations in this paragraph of the Complaint.

7   132.    Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

9   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

10  effective when used in accordance with its FDA-approved prescribing information.  Defendants

11  state that the potential effects of Celebrex® were and are adequately described in its FDA-

12  approved prescribing information, which was at all times adequate and comported with

13  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14  remaining allegations in this paragraph of the Complaint.

15  133.    Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

17  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

18  effective when used in accordance with its FDA-approved prescribing information.  Defendants

19  state that the potential effects of Celebrex® were and are adequately described in its FDA-

20  approved prescribing information, which was at all times adequate and comported with

21  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22  remaining allegations in this paragraph of the Complaint.

23  134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

24  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

25  Complaint.

26  135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

27  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

28  Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    136.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

2    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

3    Complaint.

4    **Response to Sixth Cause of Action: Unjust Enrichment**

5    137.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

6    Complaint as if fully set forth herein.

7    138.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

9    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

10   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

11   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

12   Celebrex® in the United States to be prescribed by healthcare providers who are by law

13   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

14   the remaining allegations in this paragraph of the Complaint.

15   139.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

17   Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

18   paragraph of the Complaint.

19   140.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

21   Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

22   paragraph of the Complaint.

23   141.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

25   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

26   effective when used in accordance with its FDA-approved prescribing information.  Defendants

27   state that the potential effects of Celebrex® were and are adequately described in its FDA-

28   approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-34-

applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Seventh Cause of Action:

### State Consumer Fraud and Deceptive Trade Practices Act

144.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

145.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

146.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2  the Complaint.

3  147.    Defendants are without knowledge or information sufficient to form a belief as to the

4  truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the

5  same. Defendants state that Celebrex® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information. Defendants state that the potential effects of

7  Celebrex® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent

10 injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

11 148.    Defendants are without knowledge or information sufficient to form a belief as to the

12 truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the

13 same. Defendants deny the remaining allegations in this paragraph of the Complaint.

14 149.    Defendants are without knowledge or information sufficient to form a belief as to the

15 truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the

16 same. Defendants state that Celebrex® was and is safe and effective when used in accordance

17 with its FDA-approved prescribing information. Defendants state that the potential effects of

18 Celebrex® were and are adequately described in its FDA-approved prescribing information,

19 which was at all times adequate and comported with applicable standards of care and law.

20 Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21 the Complaint.

22 150.    Defendants state that this paragraph of the Complaint contains legal contentions to

23 which no response is required. To the extent that a response is deemed required, Defendants

24 deny any wrongful conduct and deny the remaining allegations in this paragraph of the

25 Complaint.

26 151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

27 Decedent injury or damage, and deny the remaining allegations in this paragraph of the

28 Complaint.

152.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

153.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Prayer for Relief

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for Relief," including all subparts.

### III.

### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

### Second Defense

2    2.    Celebrex® is a prescription medical product.  The federal government has preempted

3    the field of law applicable to the labeling and warning of prescription medical products.

4    Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

5    federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

6    which relief can be granted; such claims, if allowed, would conflict with applicable federal law

7    and violate the Supremacy Clause of the United States Constitution.

8

### Third Defense

9    3.    At all relevant times, Defendants provided proper warnings, information and

10    instructions for the drug in accordance with generally recognized and prevailing standards in

11    existence at the time.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

12

### Fourth Defense

13    4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

14    Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

15    knowledge at the time the drug was manufactured, marketed and distributed.

16

### Fifth Defense

17    5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

18    applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

19

### Sixth Defense

20    6.    Plaintiff's action is barred by the statute of repose.

21

### Seventh Defense

22    7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff and Decedent

23    were contributorily negligent, actively negligent or otherwise failed to mitigate their damages,

24    and any recovery by Plaintiff should be diminished accordingly.

25

### Eighth Defense

26    8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

27    omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

28

1    part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

2    liable in any way.

3    **Ninth Defense**

4    9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

5    intervening causes for which Defendants cannot be liable.

6    **Tenth Defense**

7    10.    Any injuries or expenses incurred by Plaintiff and Decedent were not caused by

8    Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction,

9    operation of nature, or act of God.

10    **Eleventh Defense**

11    11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff or Decedent.

12    **Twelfth Defense**

13    12.    A manufacturer has no duty to warn patients or the general public of any risk,

14    contraindication, or adverse effect associated with the use of a prescription medical product.

15    Rather, the law requires that all such warnings and appropriate information be given to the

16    prescribing physician and the medical profession, which act as a "learned intermediary" in

17    determining the use of the product.  Celebrex® is a prescription medical product, available only

18    on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's

19    and Decedent's treating and prescribing physicians.

20    **Thirteenth Defense**

21    13.    The product at issue was not in a defective condition or unreasonably dangerous at the

22    time it left the control of the manufacturer or seller.

23    **Fourteenth Defense**

24    14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

25    for its intended use and the warnings and instructions accompanying Celebrex® at the time of

26    the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff and Decedent was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.    Plaintiff and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Twenty-ninth Defense**

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.    Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of South Carolina, Arkansas, Wisconsin, Mississippi, and Minnesota, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiff's punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiff and Decedent failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

1

**Thirty-seventh Defense**

2    37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

3    labeling with respect to the subject pharmaceutical products were not false or misleading and,

4    therefore, constitute protected commercial speech under the applicable provisions of the United

5    States Constitution.

6    **Thirty-eighth Defense**

7    38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

8    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

9    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

10   protections afforded by the United States Constitution, the excessive fines clause of the Eighth

11   Amendment of the United States Constitution, the Commerce Clause of the United States

12   Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

13   applicable provisions of the Constitutions of the States of South Carolina, Arkansas, Wisconsin,

14   Mississippi, and Minnesota.    Any law, statute, or other authority purporting to permit the

15   recovery of punitive damages in this case is unconstitutional, facially and as applied, to the

16   extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and

17   restrain the jury's discretion in determining whether to award punitive damages and/or the

18   amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as

19   to what conduct will result in punitive damages; (3) permits recovery of punitive damages

20   based on out-of-state conduct, conduct that complied with applicable law, or conduct that was

21   not directed, or did not proximately cause harm, to Plaintiff or Decedent; (4) permits recovery

22   of punitive damages in an amount that is not both reasonable and proportionate to the amount of

23   harm, if any, to Plaintiff or Decedent and to the amount of compensatory damages, if any; (5)

24   permits jury consideration of net worth or other financial information relating to Defendants;

25   (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict

26   review of any punitive damages awards; (7) lacks constitutionally sufficient standards for

27   appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court

28   precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

2    *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

3    538 U.S. 408 (2003).

4                              **Thirty-ninth Defense**

5    39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

6    and marketing of Celebrex®, if any, used in this case, included adequate warnings and

7    instructions with respect to the product's use in the package insert and other literature, and

8    conformed to the generally recognized, reasonably available, and reliable state of the

9    knowledge at the time the product was marketed.

10                              **Fortieth Defense**

11   40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

12   tested, manufactured and labeled in accordance with the state-of-the-art industry standards

13   existing at the time of the sale.

14                             **Forty-first Defense**

15   41.    If Plaintiff and Decedent have sustained injuries or losses as alleged in the Complaint,

16   upon information and belief, such injuries and losses were caused by the actions of persons not

17   having real or apparent authority to take said actions on behalf of Defendants and over whom

18   Defendants had no control and for whom Defendants may not be held accountable.

19                            **Forty-second Defense**

20   42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

21   was not unreasonably dangerous or defective, was suitable for the purpose for which it was

22   intended, and was distributed with adequate and sufficient warnings.

23                             **Forty-third Defense**

24   43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

25   waiver, and/or estoppel.

26                            **Forty-fourth Defense**

27   44.    Plaintiff's claims are barred because Plaintiff's and Decedent's injuries, if any, were the

28   result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

-44-

1 | diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff

2 | and Decedent, and were independent of or far removed from Defendants' conduct.

3 | **Forty-fifth Defense**

4 | 45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

5 | did not proximately cause injuries or damages to Plaintiff and Decedent.

6 | **Forty-sixth Defense**

7 | 46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

8 | and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

9 | **Forty-seventh Defense**

10 | 47.    The claims asserted in the Complaint are barred, in whole or in part, because the

11 | manufacturing, labeling, packaging, and any advertising of the product complied with the

12 | applicable codes, standards and regulations established, adopted, promulgated or approved by

13 | any applicable regulatory body, including but not limited to the United States, any state, and

14 | any agency thereof.

15 | **Forty-eighth Defense**

16 | 48.    The claims must be dismissed because Plaintiff and Decedent would have taken

17 | Celebrex® even if the product labeling contained the information that Plaintiff contends should

18 | have been provided.

19 | **Forty-ninth Defense**

20 | 49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

21 | outweighed its risks.

22 | **Fiftieth Defense**

23 | 50.    Plaintiff's damages, if any, are barred or limited by the payments received from

24 | collateral sources.

25 | **Fifty-first Defense**

26 | 51.    Defendants' liability, if any, can only be determined after the percentages of

27 | responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

28 | any, are determined.    Defendants seek an adjudication of the percentage of fault of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff and Decedent.

**Fifty-second Defense**

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.  Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

**Fifty-fifth Defense**

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

**Fifty-sixth Defense**

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff and Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiff's

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   recovery against Defendants, if any, should be reduced pursuant to California Civil Code §

2   1431.2.

3                          **Fifty-seventh Defense**

4   57.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

5   Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

6   Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

7   damages is also barred under California Civil Code § 3294(b).

8                          **Fifty-eighth Defense**

9   58.     Plaintiff's claims are barred, in whole or in part, pursuant to South Carolina Code Ann.

10  § 15-3-20.

11                         **Fifty-ninth Defense**

12  59.     Defendants state that any award of punitive damages in this case would violate

13  Defendants' procedural and substantive due process rights because there are insufficient

14  circumstances in this case to support the reasonableness of an award of punitive damages and

15  there are inadequate legal and procedural constraints imposed on the fact finder's discretion to

16  impose such awards.  The standard for punitive damages in Nevada lacks sufficient objective

17  criteria and procedural safeguards to give a jury adequate criteria or an appropriate range of

18  proportionality regarding punitive damages.

19                          **Sixtieth Defense**

20  60.     Defendants state that post-trial procedures and standards in a trial court for scrutinizing

21  punitive damage awards and standards for appellate review of punitive damage awards in

22  Nevada are insufficient, and therefore violate Defendants' rights to due process of law and right

23  to protection from "excessive fines".

24                         **Sixty-first Defense**

25  61.     Defendants state that it would violate Defendants' rights guaranteed by the United

26  States Constitution and the Constitution of the State of Nevada to impose punitive damages

27  against them which are penal in nature by requiring a burden of proof on the Plaintiff which is

28  less than the "beyond a reasonable doubt" burden of proof required in criminal cases.  In the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:07-cv-4793-CRB

1    alternative, entitlement to such damages would be provided by a "clear" and "convincing"

2    standard of proof, in view of insufficient substantive and procedural protections under Nevada

3    law regarding punitive damages.

### Sixty-second Defense

5    62.    Plaintiff's claim for punitive damages is barred to the extent it exceeds the limitations

6    imposed by N.R.S. § 42.005 or seeks punitive damages that are disproportionate to Plaintiff's

7    claims for compensatory damages.

### Sixty-third Defense

9    63.    To the extent Plaintiff seeks recovery for economic loss, recovery is limited to the

10    reasonable damages contemplated by the parties and proximately caused by the breach pursuant

11    to N.R.S. § 104.2715.

### Sixty-fourth Defense

13    64.    Defendants assert and preserve all statutory defenses available under the laws of the

14    Commonwealth of Nevada, including but not limited to N.R.S. § 41.085 otherwise known as

15    Nevada's wrongful death statute.

### Sixty-fifth Defense

17    65.    Plaintiff lacks standing to bring a claim pursuant to N.R.S. §§ 41.600, 598.0915,

18    598.0923 and 598.0925.

### Sixty-sixth Defense

20    66.    The conduct of Defendants and all activities with respect to Celebrex® were fair and

21    truthful based upon the state of knowledge existing at the relevant time alleged in the

22    Complaint.   Therefore, Plaintiff's claims under N.R.S. §§ 41.600, 598.0915, 598.0923, and

23    598.0925 are barred.

### Sixty-seventh Defense

25    67.    All activities of Defendants as alleged in the Complaint were expressly permitted by

26    federal statutes and regulations.   Accordingly, as a matter of law, such activities cannot be

27    deemed unfair, fraudulent, or unlawful under N.R.S. §§ 41.600, 598.0915, 598.0923, and

28    598.0925.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-eighth Defense**

68.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's and Decedent's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's and Decedent's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    December 12, 2007                          GORDON & REES LLP

2

3                                               By::_____/s/_____

4                                               Stuart M. Gordon
                                                sgordon@gordonrees.com
5                                               Embarcadero Center West
                                                275 Battery Street, 20th Floor
6                                               San Francisco, CA 94111
                                                Telephone:  (415) 986-5900
7                                               Fax:  (415) 986-8054

8
     December 12, 2007                          TUCKER ELLIS & WEST LLP
9

10

11                                              By: :_____/s/_____

12                                              Michael C. Zellers
                                                michael.zellers@tuckerellis.com
13                                              515 South Flower Street, Suite 4200
                                                Los Angeles, CA 90071
14                                              Telephone:  (213) 430-3400
                                                Fax:  (213) 430-3409
15
                                                Attorneys for Defendants
16                                              PFIZER INC., PHARMACIA
                                                CORPORATION, and G.D. SEARLE
17                                              LLC

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

# JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

December 12, 2007                              GORDON & REES LLP


                                               By: :_____/s/_____

                                                   Stuart M. Gordon
                                                   sgordon@gordonrees.com
                                                   Embarcadero Center West
                                                   275 Battery Street, 20th Floor
                                                   San Francisco, CA  94111
                                                   Telephone:  (415) 986-5900
                                                   Fax:  (415) 986-8054


December 12, 2007                              TUCKER ELLIS & WEST LLP


                                               By:_____/s/_____
                                                   Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
                                                   515 South Flower Street, Suite 4200
                                                   Los Angeles, CA 90071
                                                   Telephone:  (213) 430-3400
                                                   Fax:  (213) 430-3409

                                                   Attorneys for Defendants
                                                   PFIZER INC., PHARMACIA
                                                   CORPORATION, and G.D. SEARLE
                                                   LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111